# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | § § | **Chapter 11** |
| **BRIGGS & STRATTON CORPORATION,** | § § § | **Case No. 20-43597-339** |
| Debtor. | § § | Jointly Administered |
| Tax I.D. No. 39-0182330 | § § | |
| **In re:** | § § | **Chapter 11** |
| **BILLY GOAT INDUSTRIES, INC.,** | § § § | **Case No. 20-10575-339** |
| Debtor. | § § | Jointly Administered |
| Tax I.D. No. 43-094442 | § § | |
| **In re:** | § § | **Chapter 11** |
| **ALLMAND BROS., INC.,** | § § | **Case No. 20-43598-339** |
| Debtor. | § § | Jointly Administered |
| Tax I.D. No. 47-0464710 | § § | |
| **In re:** | § § | **Chapter 11** |
| **BRIGGS & STRATTON INTERNATIONAL, INC.,** | § § § | **Case No. 20-43599-339** |
| Debtor. | § § | **(Jointly Administered)** |
| Tax. I.D. No. 39-1889957 | § § § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **BRIGGS & STRATTON TECH, LLC,** | § | Case No. 20-43600-339 |
| | § | |
| Debtor. | § | (Jointly Administered) |
| | § | |
| Tax I.D. No. 39-2012102 | § | Related Docket No. 3 |

### ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[1] of Briggs & Stratton Corporation and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a) and 342(c)(1) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015(b) directing joint administration of their chapter 11 cases, all as more fully set forth in the Motion; and upon consideration of the Ficks Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having represented that due and proper notice of the Motion was provided, such notice was adequate and appropriate under the circumstances, and no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

sufficient cause appearing therefor, **it is hereby ORDERED that the Motion is GRANTED in that:**

1. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 20-43597-339 in accordance with provisions of Bankruptcy Rule 1015(b). All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in Case No. 20-43597-339.

2. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| | § | **Case No. 20-43597-339** |
| **BRIGGS & STRATTON,** | § | |
| **CORPORATION,** *et al.,* | § | **(Jointly Administered)** |
| | § | |
| **Debtors.** | § | |

3. The foregoing caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

4. A docket entry shall be made in the Chapter 11 cases of each Debtor (except the chapter 11 case of Briggs & Stratton Corporation), substantially as follows:

> An order has been entered in this case administratively consolidating this case with the cases of Briggs & Stratton Corporation, Billy Goat Industries, Inc., Allmand Bros., Inc., Briggs & Stratton International, Inc., and Briggs & Stratton Tech, LLC for procedural purpose only and providing for its joint administration with the terms therein.

5. Any creditor, debtor, or other party filing a proof of claim against any of the Debtors shall clearly assert such claim against the particular Debtor obligated on such claim and

3

not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court.

7. Separate claims registers shall be maintained from the date of this Order forward for all claims in all of the separate Debtor cases. Counsel for the Debtors shall consult with the Clerk of the Bankruptcy Court to prepare applicable forms, notices, and procedures to effectuate this provision (including a standard form for a proof of claim specific for these cases and instructions and bar date notices for submitting proofs of clams).

8. One mailing matrix shall be maintained for all cases, which the Debtors' counsel shall file as required under this Court's local rules. The matrix shall include all names and addresses comprising of the most current list of the Debtors' creditors. The matrix shall be maintained in the electronic record for Briggs & Stratton Corporation, Case No. 20-43597-339.

9. The Debtors shall file monthly operating reports as may be arranged and agreed to between the Debtors and the U.S. Trustee. These parties may agree to file a single joint monthly operating report with segregated data specific to each Debtor. Each Debtor shall remain liable for its own U.S. Trustee fees required under 28 U.S.C. § 1930.

10. At the U.S. Trustee's discretion, one creditors committee may be appointed for all cases, with members drawn from each of the jointly administered cases with unsecured claimants, or separate committees may be appointed for each of the cases.

11. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this

4

Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

12. The terms and conditions of this Order shall be immediately effective upon entry of the Order.

13. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

14. Not later than two (2) business days after the date of this Order, the Debtors shall serve a copy of the Order and shall file a certificate of service no later than twenty-four (24) hours after service.

DATED: July 21, 2020
St. Louis, Missouri

cke

Barry S. Schermer
United States Bankruptcy Judge

5

**Order Prepared By:**

Robert E. Eggmann, #37374MO
Christopher J. Lawhorn, #45713MO
Thomas H. Riske, #61838MO
**CARMODY MACDONALD P.C.**
120 S. Central Avenue, Suite 1800
St. Louis, Missouri  63105
Telephone:  (314) 854-8600
Facsimile: (314) 854-8660
Email: ree@carmodymacdonald.com
          cjl@carmodymacdonald.com
          thr@carmodymacdonald.com

*Proposed Local Counsel to the Debtors and Debtors in Possession*

-and-

Ronit J. Berkovich (*pro hac vice* pending)
Debora A. Hoehne (*pro hac vice* pending)
Martha E. Martir (*pro hac vice* pending)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Ronit.Berkovich@weil.com
          Debora.Hoehne@weil.com
          Martha.Martir@weil.com

*Proposed Counsel to the Debtors and Debtors in Possession*